RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY B. MOORE, CLERK
DATE 5/27/09
BY DD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JERRY MATTHEWS, ET AL.** | **CIVIL ACTION NO. 07-1392** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **REMINGTON ARMS CO., INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Defendant Remington Arms Co., Inc.'s ("Remington") motion in limine [Doc. No. 29].

On May 4, 2009, the Court granted in part, denied in part, and deferred ruling in part on the motion in limine. *See* [Doc. Nos. 61 & 62]. Specifically, the Court deferred ruling on whether to exclude Dr. Block's testimony regarding an alternatively designed bolt assembly that Dr. Block has manufactured. Remington argued that the expert report containing this opinion was not timely disclosed. The Court ordered the parties to submit supplemental memoranda regarding whether the expert report (1) was a new or supplemental expert report, and (2) whether Plaintiffs should be sanctioned.

On May 19, 2009, the parties submitted supplemental memoranda [Doc. Nos. 63 & 64].

The basis and opinions of an expert are required to be timely disclosed and supplemented. *See* FED. R. CIV. P. 26(a)(2), (e)(2). An expert report may be supplemented up until the pretrial disclosure deadline. *See* FED. R. CIV. P. 26(e)(2) ("Any additions or changes to [the] information [in the expert's report or deposition] must be disclosed."). However, an expert report that contains new opinions based on information available prior to the expiration of the expert report deadline is

not supplemental. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (stating that the purpose of a supplemental expert report is to supplement—not to extend—the expert report deadline); *see also Lampe Berger USA v. Scentier, Inc.*, 04-354-C-M2, 2008 U.S. Dist. LEXIS 60648, at *6–7 (M.D. La. Aug. 8, 2008). If a party fails to timely disclose expert opinions, the Court may impose a variety of sanctions. *See* FED. R. CIV. P. 37(c)(1)(A).

Per the Court's scheduling order, Plaintiffs' expert report was due to Remington by December 1, 2008 [Doc. No. 24]. Plaintiffs timely submitted Dr. Block's first expert report. In the December 1, 2008 report, Dr. Block opined that "[h]ad the rear of the Bolt Head been designed with a spline or key that engaged a mating spline or key in the forward end of the Bolt Body, turning the Bolt Body would have turned the Bolt Head as long as the two were mated, independent of whether the Bolt Assembly Pin was in place."

The latest report regarding the manufacture of the alternative bolt assembly was not disclosed until March 5, 2009, well after the expert report deadline. In the March 5, 2009 report, Dr. Block explained the execution and function of the alternative bolt assembly: "[t]he safe-bolt design prevents the bolt head from entering the bolt body unless the two are in proper registry. When the two are in registry, the bolt head will turn with the bolt body. . .independent of the bolt assembly pin." Dr. Block also explained how he manufactured the alternative bolt assembly: "[t]he safe-bolt is produced without welding, brazing or other processes capable of affecting the properties of the locking lugs on the bolt head and surrounding metal. The bolt body is not hardened and methods of fabrication involving heating can be used without compromising the safety of the rifle."

Remington contends that the March 5, 2009 report is a new expert report because Dr. Block had not previously offered an opinion regarding the manufacture of the alternative bolt assembly.

2

Remington also implies that it has been prejudiced by the untimely disclosure because its experts have not inspected or tested the manufactured model.

Plaintiffs contend that the March 5, 2009 report supplements Dr. Block's previously and timely disclosed alternative design opinion. Plaintiffs also state that they notified Remington in February 2009 that they intended to introduce into evidence a model alternative design, but could not produce it at that time because the model was not yet finished.

The Court finds that the March 5, 2009 report is primarily redundant of Dr. Block's previous expert report and otherwise supplements his previously disclosed alternative design opinion. Although the report contains new opinions regarding how the alternative bolt assembly was physically manufactured, the underlying information was not available prior to the expiration of the December 1, 2008 deadline. Finally, the report was timely disclosed more than thirty days prior to the original April 14, 2009 trial date. *See* FED. R. CIV. P. 26(e)(2) ("Any additions or changes to [the expert report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."); (a)(3)(B) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.").

Accordingly, the remaining portion of Remington's motion in limine is DENIED.

MONROE, LOUISIANA, this 27 day of May, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE