RECEIVED
IN MONROE, LA
NOV 23 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JERRY MATTHEWS, ET AL. | CIVIL ACTION NO. 07-1392 |
| VERSUS | JUDGE ROBERT G. JAMES |
| REMINGTON ARMS CO., INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court are Plaintiffs Jerry and Angie Matthews' Motions for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 59 [Doc. No. 101] and 60 [Doc. No. 107]. Plaintiffs contend that the Court should grant a new trial and/or alter or amend its September 16, 2009 Judgment [Doc. No. 100] for various reasons.

For the following reasons, Plaintiffs' Motions are DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Mr. Matthews' use of a Remington Model 710 rifle ("the rifle") on October 29, 2006. Mr. Matthews fired the rifle without a bolt assembly pin installed ("in an out-of-battery condition"). The rifle exploded and portions of the rifle were ejected into Mr. Matthews' eye and head.

On August 22, 2007, Plaintiffs filed suit against the manufacturer of the rifle, Remington Arms Co., Inc. ("Remington"), among others, alleging products liability claims.

On October 27, 2008, a Remington customer contacted Remington to report that his Model 770 rifle came apart in his hand when he was trying to open the bolt to eject a cartridge ("the Model

1

770 incident"). On October 28, 2008, Remington received the Model 770 rifle from the customer without a bolt assembly pin installed. Remington Products Service Department employee Fred Supry ("Supry") analyzed the Model 770 rifle and opined that the reason it came apart in the customer's hand was because its bolt assembly pin was missing.

On January 28, 2009, Plaintiffs deposed Supry. During the deposition, Supry did not mention the Model 770 incident.

A bench trial was held on June 1-3, 2009. On September 16, 2009, the Court entered an Opinion and Judgment in favor of Remington. [Doc. Nos. 99 & 100]. The Court found that Remington should not have reasonably anticipated Mr. Matthews' use of the rifle in an out-of-battery condition, and, therefore, Remington was not liable for Plaintiffs' damages.

On September 25, 2009, Plaintiffs filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 59. [Doc. No. 101].

On October 1, 2009, while reviewing documents to comply with a document request in another matter, Remington's counsel found documents describing the Model 770 incident. Remington's counsel immediately disclosed evidence of the Model 770 incident to Plaintiffs' counsel.

On October 29, 2009, Plaintiffs filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60. [Doc. No. 107].

## II.  LAW AND ANALYSIS

### A.  Rule 59

Plaintiffs assert that, pursuant to Federal Rule of Civil Procedure 59, the Court should grant a new trial and/or alter or amend its judgment because it is against the weight of the evidence and/or

2

the Court committed legal error in finding that Remington is not liable for Plaintiffs' damages.

### (i) Weight of the Evidence

Plaintiffs assert that the Court's ruling that the assembly pin was removed and that Remington should not have reasonably anticipated Mr. Matthews' use of the rifle in an out-of-battery condition are against the weight of the evidence.

Under Rule 59(a) "[a] new trial may be granted . . . if the district court finds the verdict is against the weight of the evidence . . . ." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (internal citations omitted).

Evidence at trial established that the assembly pin was not defective, but was removed. Remington's expert testified that the bolt assembly pin was manufactured to specifications and that the accident was caused by a missing, not broken, bolt assembly pin.

Evidence at trial also established that Remington should not have reasonably anticipated Mr. Matthews' use of the rifle in an out-of-battery condition. Both lay and expert witnesses testified that an ordinary firearms user knows and understands that reassembly of a firearm without all of its parts is critical to safe operation. Plaintiffs, on the other hand, did not offer persuasive evidence that *at the time the rifle was manufactured*, Remington should have reasonably anticipated that a user would fire the rifle in an out-of-battery condition. While Remington could reasonably anticipate that a user would remove the bolt assembly pin for cleaning, Remington should not have reasonably anticipated that users would fail to reinstall the bolt assembly pin and fire the rifle. Therefore, the Court's rulings were not against the weight of the evidence.

### (ii) Manifest Error of Law

Plaintiffs assert that "reasonably anticipated use" is not a required element of a post-

3

manufacture failure to warn claim.

Under Rule 59(e), the Court may alter or amend its judgment if there is "a manifest error of law . . . ." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal citations and quotations omitted).

Plaintiffs cite *Marshall v. Beno Truck Equip.* for the proposition that "reasonably anticipated use" is not a required element of a post-manufacture failure to warn claim. 84-0578 (La. App. 1st Cir. 1985); 481 So.2d 1022. *Marshall*, however, was decided before the Louisiana Products Liability Act ("LPLA") was enacted in 1988. The LPLA governs Plaintiffs' product liability claims and replaces the "foreseeable use" standard that is required in *Marshall* with a "reasonably anticipated use" standard. LA. REV. STAT. 2800.54(A). Therefore, "reasonably anticipated use" is a required element of Plaintiffs' post-manufacture failure to warn claim and the Court's judgment did not include a manifest error of law.

**B.     Rule 60**

Plaintiffs assert that, pursuant to Federal Rule of Civil Procedure 60(b), the Court should grant a new trial and/or alter or amend its judgment because of newly discovered evidence of the Model 770 incident and/or alleged misrepresentations in Supry's deposition testimony.

Rule 60(b) states, in pertinent part:

> On motion and just terms, the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

FED. R. CIV. P. 60(b).

4

### (i)     New Evidence

Plaintiffs assert that newly discovered evidence of the Model 770 incident proves that Remington should have reasonably anticipated Mr. Matthews' use of the rifle.

"Under Rule 60(b)(2), to succeed on a motion for relief from judgment based on newly discovered evidence, . . . a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (internal citations and quotations omitted). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Id.* at 639-40 (internal citations omitted).

As stated in the Court's Opinion, Plaintiffs' product liability claims fall under the LPLA. [Doc. No. 99 p. 4 (citing LA. REV. STAT. 9:2800.54)]. A necessary element of a products liability claim under the LPLA is that the manufacturer must have reasonably anticipated the user's use of the product. [Doc. No. 99 p. 4 (citing *Stahl v. Navartis Pharms. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002)]. The standard for determining "reasonably anticipated use" is an objective standard determined from the point of view of the manufacturer at the time of manufacture. *Daigle v. Audi of America, Inc.*, 90-1254 (La. App. 3rd Cir. 5/20/1992); 598 So.2d 1304, 1307. On September 16, 2009, the Court held that Remington was not liable for Mr. Matthews' damages because Remington should not have reasonably anticipated his use of the rifle in an out-of-battery condition. [Doc. No. 99 p. 5]. Mr. Matthews' rifle was manufactured on September 26, 2001. Remington did not receive evidence of the Model 770 incident until October 27, 2008. Even assuming evidence of the Model 770 incident would have given Remington notice that the Model 710 rifle was being used in an out-

5

of-battery condition, the Model 770 incident would not have provided Remington with notice of anything *at the time the rifle was manufactured*. Therefore, evidence of the Model 770 incident is immaterial and would not have produced a different result if presented to the court before issuance of the original judgment.

### (ii) Misconduct

Plaintiffs also claim that Supry made misrepresentations in his deposition testimony by not disclosing the Model 770 incident.

"A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641 (internal citations omitted). "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* (internal citations omitted). "Unlike Rule 60(b)(2), 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case." *Id.* (internal citations omitted). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (internal citations and quotations omitted).

While Supry did not disclose the Model 770 incident in his deposition, his testimony elicited in response to a question about whether he or his repairmen had "ever seen a Model 710 that's been returned to the factory with a missing or broken bolt assembly pin." [Doc. No. 107-5]. While there may be no salient difference between Model 770 and 710 rifles, Supry answered the question as deposed. Although Supry was instructed that questions posed as the "Model 710 *series*" included the Model 770 rifle, his answer that is at issue was in response to a question that made no mention of a series. Therefore, Plaintiffs have failed to prove by clear and convincing evidence that Supry

6

or Remington engaged in any sort of misconduct.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motions for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 59 [Doc. No. 101] and 60 [Doc. No. 107] are DENIED.

MONROE, LOUISIANA, this 23 day of November, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

7